[No. 9596. Department One. March 22, 1912.]

WALSH LUMBER COMPANY, *Respondent*, v. W. G. CHANEY, *Appellant*.[1]

PLEADINGS—AMENDMENTS—MISTAKE. In an action upon an account, in which the defendant alleged an assignment by him and substitution of the assignee, and also sought an accounting alleging a balance due to defendant, plaintiff's failure to reply to the defense of substitution is inadvertence that may be cured by amendment, especially where defendant offered no objection to the appointment of a referee to take the account.

REFERENCE—APPROVAL OF REPORT—TRIAL—AMENDMENT OF PLEADINGS. A referee to take an account being obliged to receive all the evidence offered, which is returned to the court with the objections

[1]Reported in 122 Pac. 10.

and exceptions, the affirmance of a report of the referee, who allowed an amendment to the pleadings, amounts to an allowance of the necessary amendment to admit the proofs received.

REFERENCE—TRIAL—AMENDMENT OF PLEADINGS. A referee to take an account and hear the case on the merits may allow amendments to the pleadings, subject to review for abuse of discretion only.

APPEAL—REVIEW—HARMLESS ERROR—OBJECTIONS WAIVED. Error cannot be predicated upon a referee's allowance of an amendment to the pleadings, where the party was not misled and offered evidence on the issue, and did not make the specific objection in opposing affirmation of the referee's report.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered September 17, 1910, upon findings in favor of the plaintiff, in an action on account, upon approving the report of a referee to take an account. Affirmed.

*W. C. Jones,* for appellant.

*Skuse & Morrill,* for respondent.

FULLERTON, J.—The respondent brought this action against the appellant alleging that the appellant was indebted to the respondent in the sum of $1,583.83, upon an account for goods sold and money advanced for the use of the appellant between May 1, 1909, and October 1, 1909, an itemized statement of the account being attached to the complaint as an exhibit. To the complaint, the appellant answered, making certain denials, and alleging affirmatively that all of the items charged against the appellant (except certain ones not material to be stated here) were made, charged, and credited in the execution of a certain contract, whereby the appellant agreed to cut and deliver to the respondent all of the saw timber in excess of a stated dimension on two certain homesteads named in the contract. The contract further provided that the respondent should furnish such camp supplies as should be necessary, and pay such pay checks as the appellant's timekeeper should issue, all of which such sums to be charged to the appellant's account; the con-

tract specially providing that the appellant was to be financially responsible for the fulfillment of the contract, and in case there was any loss to stand such loss.   It was then alleged that, in the execution of the contract, plaintiff and defendant had extensive dealings, and that the determination of the rights of the parties involved the examination of long and complicated accounts which had never been settled, and that, upon the examination and settlement of such accounts, the respondent would be found indebted to the appellant in a sum in excess of nine hundred dollars.   Further answering, the appellant alleged that on "to wit, the 28th day of June, 1909, at the express instance and request of the plaintiff, defendant assigned, transferred, and set over unto one Harry Sadler all his rights and interest in and to said contract, and plaintiff then and there accepted said Sadler as the assignee of this defendant and agreed to hold him, and not this defendant, liable for any charges or advances made by plaintiff on account of said written contract."

The prayer of the answer was for a full and complete accounting and settlement of all accounts between the parties, and that the appellant have judgment for any amount found due him on such accounting.   No reply was filed to the answer.   Afterwards the cause was brought on for trial before the superior court, and the taking of testimony commenced, when the court discovered that the taking of an account would be necessary in order to determine the rights of the parties, and referred the case to a referee to take and report the evidence into court, with his finding and conclusions thereon.

On the trial before the referee, the Harry Sadler named in the appellant's answer was called as a witness by the respondent, and asked whether or not he had taken an assignment of the contract between the respondent and the appellant and assumed responsibility for the advances and charges which had been made thereunder.   To this question, the appellant objected on the ground that it was not an issue

in the case; that it stood admitted in the pleadings, since it was so alleged in the answer and not denied by a reply. The referee indicated that he thought the objection was well taken, but stated that under the statute he was obligated to take down all testimony offered on either side, and allowed the witness to answer. Some question was thereupon made as to the date of the assignment, when the following took place:

"Mr. Jones: I suppose we can amend that by interlineation. The Referee: You wish to amend paragraph 8 by putting in the 28th of June, instead of the 22nd? All right. Mr. Morrill: Now at this time, having amended, I wish to reply to that amended complaint. Mr. Jones: Well, I will withdraw the amendment. I withdraw any application to amend the complaint—or the answer. Mr. Morrill: At this time, the defendant having asked to amend his answer, as to paragraph 8, to allege the 28th day of June, 1908, instead of the 22nd day of June, 1908, the plaintiff at this time asks leave to reply thereto, and does reply with a general denial, denying each and every part thereof. Mr. Jones: The defendant withdraws any request to amend the answer in any particular; and objects to plaintiff filing a reply or an amended pleading at this time, as requested, first, because the referee has no power to allow an amendment; second, because the new pleading sought to be introduced by the plaintiff changes the issues made by the pleadings as they now stand; third, the amendment suggested by defendant, by changing the date of the 22nd of June to the 28th, is a purely formal amendment, which may be made after trial, and in no wise affects the nature of the action or the defense. Mr. Morrill: Plaintiff objects to the withdrawal of the amendment for the reason that said amendment was asked for by the defendant and allowed by the court, by the referee, and it is therefore now too late to be withdrawn. The Referee: My opinion is, all you gentlemen can do is to make this record and leave these matters to be threshed out with the court. Mr. Jones: I don't suppose you can allow an amendment anyhow. The Referee: I doubt whether I have power to allow an amendment; I have some doubt about that."

Thereafter both sides offered additional evidence concerning the assignment, and at the conclusion of the case the ref-

eree treated the allegation as denied, and found against the appellant on the question. The referee thereupon made an accounting between the parties, finding and concluding that the respondent was entitled to judgment against the appellant in the sum of $1,339.93, and the costs of the action. The report was affirmed by the superior court, and judgment entered thereon accordingly.

The appellant bases his principal assignment of error on the ruling of the referee treating the allegation in the appellant's answer to the effect that there had been a substitution of parties to the contract as denied. He argues that a referee has no power to allow an amendment to the pleading, and that, were the rule otherwise, he could not allow a reply to be filed to an answer where none was originally filed. But the failure to file a reply in this instance was clearly an inadvertence or oversight on the part of the respondent. If there was a substitution of parties, as alleged in the answer, this alone constituted a complete defense to the respondent's cause of action; and there would have been no necessity for an accounting or reference to take an accounting, had it been supposed there was no issue on the question of substitution. The accounting was sought by the appellant himself. It was he who set up the contract and alleged that there had been mutual dealings between the parties necessitating the examination of a long account; and he made no objection to a reference after the court itself had entered upon the trial and found that to determine the issue the taking of an account was necessary. It is hardly possible that he would have submitted to the appointment of a referee had he thought that the allegation in his answer, which if confessed would have rendered an accounting unnecessary, was actually confessed. The statute provides, furthermore, that if evidence offered by either party shall not be admitted by the referee on the trial, and the party offering the same excepts to the decision rejecting such evidence, the exceptions shall be noted by the referee, and he shall take and receive such testimony and file

WALSH LUMBER CO. v. CHANEY.

it with his report. Under this provision of the statute, the referee can be compelled to report all evidence that either party deems material to the matters in difference between the parties. The trial court can, also, on the hearing of the report, allow such amendments to the pleadings as it deems necessary to make the same conform to the evidence; and in this case, since the referee did take and report all the evidence offered by either party, the affirmance of the referee's report amounted to an allowance of the necessary amendment, and it is our duty to treat such amendment as actually made. Rem. & Bal. Code, § 1752.

We think also that a referee himself, where he is appointed to hear the case upon its merits and report the law and facts of the case to the court, may allow an amendment to the pleadings, and that his action in that regard is subject to review by the court for abuse of discretion only. Such is the holding in most jurisdictions, whose statutes are no more liberal than ours. 34 Cyc. 819, title Amendments.

But the appellant claims that he was denied his right to introduce evidence on this allegation of his answer by the referee's action, as he first indicated that no amendment could be allowed and changed his opinion only after the taking of evidence had been concluded. If the appellant has been misled by this action of the referee, then clearly he is entitled to have the cause remanded for a further hearing. But we are unable to find any support for the claim in the record. That he did offer evidence upon the question after the referee made the announcement, the report of the referee clearly shows. The record shows, also, that he opposed the affirmation of the referee's report in the superior court, but it does not show that he made this specific objection and took the ruling of the court thereon. This he was obligated to do to make the error available here. If he was misled by the referee in this regard, he should have asked for another reference and leave to introduce further evidence on the particular issue. It is not enough to suggest in this court for the first time the possibility that

he was misled.    It was within his power to show the fact, and without such a showing the appellate court must presume the fact did not exist.

The appellant takes exception to certain facts found by the referee, but we are satisfied that he found according to the weight of the evidence upon all the disputed points.    There was clearly no substitution of parties, and the evidence convinces us, also, that the differences between the parties arising from the scale of the logs was settled by the allowances made to the appellant on that account by the respondent.

The judgment is affirmed.

DUNBAR, C. J., GOSE, PARKER, and MOUNT, JJ., concur.